DANIEL R. BARADAT (SBN 68651)
BARADAT & EDWARDS
6592 N. First Street
Fresno, California 93710
Telephone:   (559) 431-5366
Facsimile:   (559) 431-1702
Email: dbaradat@yahoo.com

Attorneys for Plaintiff
CYNTHIA HILL

STEPHEN C. KENNEY (SBN 53883)
KIMBERLY I. McINTYRE (SBN 184648)
KENNEY & MARKOWITZ L.L.P.
255 California Street, Suite 1300
San Francisco, CA  94111
Telephone:   (415) 397-3100
Facsimile:   (415) 397-3170
Email: skenney@kennmark.com
       kmcintyre@kennmark.com

Attorneys for Defendant
SKYWEST AIRLINES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT - FRESNO OFFICE

E-FILING

| | |
|---|---|
| CYNTHIA HILL,<br><br>   Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC., et al.,<br><br>   Defendant. | CASE NO.  1:06-CV-00801-SMS<br><br>**STIPULATION AND ORDER MODIFYING TIME FOR DISCLOSURE OF EXPERT WITNESSES**<br><br>Trial Date:   October 1, 2007 |

      Plaintiff Cynthia Hill ("plaintiff") and defendant Skywest Airlines, Inc. ("Skywest"), through their counsel of record, hereby stipulate and agree to the following:

      1.    That good cause exists for rescheduling the date by which the parties are to disclose expert witnesses' names, qualifications, resumes and written reports pursuant to Fed.R.Civ.P.

{30027.301927 0127559.DOC}                                             -1-
STIPULATION AND ORDER MODIFYING TIME FOR DISCLOSURE OF EXPERT WITNESSES
CASE NO. 1:06-CV-00801-SMS

PDF created with pdfFactory trial version www.pdffactory.com

26(a)(2)(A) and (B).  The deadlines currently set for exchange of expert information are as follows:  (1) disclosure of expert witness information by May 7, 2007; and (2) supplemental disclosure of expert witness information by May 21, 2007.  Plaintiff underwent a second surgery on October 12, 2006, for injuries allegedly sustained in the March 24, 2006 incident which is the subject of this lawsuit, and her treatment for those injuries has been ongoing.  Skywest subpoenaed the additional records pertaining to this surgery and treatment, and it took plaintiff's deposition on February 22, 2007.  Plaintiff took the depositions of various Skywest personnel and percipient witnesses on February 21, 2007.  Based on the fact that plaintiff testified that she is continuing to treat, is not yet permanent and stationary, and continues to experience ongoing physical symptoms, the parties agreed and stipulated that plaintiff would submit to a physical examination under Fed.R.Civ.P. 35 before H.B. Morgan, Jr., M.D., an orthopedic surgeon.  The first available appointment Dr. Morgan had to conduct the physical examination, which was also a day acceptable to plaintiff, was May 2, 2007 at 2:00 P.M.  Given the current disclosure date of May 7, 2007, as well as the fact that Dr. Morgan requires approximately three weeks subsequent to the examination to prepare his report, the parties agree that postponing disclosure of expert witnesses is necessary to ensure the ability to comply with the requirements of Fed.R.Civ.P. 26(a)(2)(A) and (B).

2.   In order to ensure both parties' ability to comply with the requirements of Fed.R.Civ.P. 26(a)(2)(A) and (B), plaintiff and defendant agree that the May 7, 2007 expert disclosure deadline and the May 21, 2007 supplemental disclosure deadline, set in the Court's February 27, 2007 Order Modifying Time for Disclosure of Expert Witnesses, once again be modified as follows:

(a)   The parties are directed to disclose all expert witnesses, in writing, on or before **May 29, 2007**, and all supplemental expert witnesses, in writing, on or before **June 5, 2007**.  The written designation of experts shall be made pursuant to Fed.R.Civ.P. 26(a)(2)(A) and

**Kenney & Markowitz L.L.P.**

{30027.301927 0127559.DOC}   -2-
STIPULATION AND ORDER MODIFYING TIME FOR DISCLOSURE OF EXPERT WITNESSES
CASE NO. 1:06-CV-00801-SMS

PDF created with pdfFactory trial version www.pdffactory.com

(B) and shall include all information required therein.  Failure to designate experts in compliance with this Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

The provisions of Fed.R.Civ.P. 26(b)(4) shall apply to all discovery relating to experts and their opinions.  Experts must be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

DATED:  April 11, 2007                        BARADAT & EDWARDS


                                              By:   /s/ Daniel R. Baradat
                                                   DANIEL R. BARADAT
                                                   Attorneys for Plaintiff
                                                   CYNTHIA HILL

DATED:  April 17, 2007                        KENNEY & MARKOWITZ L.L.P.


                                              By:   /s/ Stephen C. Kenney
                                                   STEPHEN C. KENNEY
                                                   KIMBERLY I. MCINTYRE
                                                   Attorneys for Defendant
                                                   SKYWEST AIRLINES, INC.

## ORDER

Based on the foregoing Stipulation and for good cause shown, it is hereby ordered as follows:

The parties are directed to disclose all expert witnesses, in writing, on or before **May 29, 2007**, and all supplemental expert witnesses, in writing, on or before **June 5, 2007**.  The written designation of experts shall be made pursuant to Fed.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required therein.  Failure to designate experts in compliance with this

PDF created with pdfFactory trial version www.pdffactory.com

Order may result in the court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this Order.

The provisions of Fed.R.Civ.P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: 4/17/2007

    /s/ Sandra M. Snyder
    SANDRA M. SNYDER
    UNITED STATES MAGISTRATE JUDGE

**Kenney & Markowitz L.L.P.**

PDF created with pdfFactory trial version www.pdffactory.com